**Leticia GALINDEZ–JAIMES, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71235.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 16, 2004.

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Stephen J. Flynn, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent. Agency No. A77–464–571.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

### MEMORANDUM **

Leticia Galindez–Jaimes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") denial of her application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the decision that an applicant has failed to establish ten years of continuous physical presence in the United States. *See Vera–Villegas v. INS,* 330 F.3d 1222, 1230 (9th Cir.2003). We deny the petition.

Contrary to Galindez–Jaimes's contention, the IJ correctly concluded that Galindez–Jaimes's period of continuous physical presence for cancellation of removal eligibility ended when she was served with a notice to appear. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 598 (9th Cir.2002); *see also* 8 U.S.C. § 1229b(d)(1) ("any period of continuous residence or continuous physical presence in the United States shall be deemed to end ... when the alien is served a notice to appear.").

Galindez–Jaimes's regulatory challenge to the BIA's decision to streamline her case fails because the result of the IJ's decision was correct, there were no errors in the decision that were not harmless, and the issues presented on appeal to the BIA were squarely controlled by existing precedent and did not involve the application of precedent to a novel fact situation. Therefore, the BIA did not violate the streamlining regulations in this case. *See* 8 C.F.R. § 1003.1(e)(4).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Galindez–Jaimes's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

## PETITION FOR REVIEW DENIED.